UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL MEYER** | ) | CASE NO. _____ |
| | ) | |
| **Plaintiff,** | ) | SECTION _____; DIVISION _____ |
| | ) | |
| **VERSUS** | ) | |
| | ) | |
| **TURN SERVICES, L.L.C.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Michael Meyer ("Meyer") brings this Complaint against Defendant Turn Services, L.L.C. ("Turn Services") and states as follows:

## JURISDICTION

1.

Jurisdiction of this Court is based on the Jones Act, 46 U.S.C. § 30104, *et seq.*, and the General Maritime Law of the United States.

## PARTIES

2.

Meyer is an individual residing and domiciled in St. Tammany Parish, Louisiana.

3.

Turn Services is a limited liability company formed under the laws of Louisiana and authorized to and doing business within this judicial district.

## **VENUE**

4.

Venue in this Court is proper under the Jones Act because Turn Services does business within this judicial district.

## **STATEMENT OF FACTS AND LEGAL CLAIM**

5.

At all times pertinent, Meyer was employed as a deckhand by Turn Services.

6.

Meyer was permanently assigned as a member of the crew of the M/V MAN O' WAR, a vessel in navigation owned, managed, and/or operated by Turn Services.  As such, Meyer was a seaman within the meaning of the Jones Act and the General Maritime Law of the United States.

7.

On or about February 19, 2015, while the M/V MAN O' WAR was located on navigable waters in the Intracoastal Waterway near Morgan City, Louisiana, Meyer and a co-worker, first mate Emory Owens ("Owens"), were assigned in the course and scope of their employment to take a small skiff attached to the M/V MAN O' WAR to a dock to retrieve a mechanic to repair a faulty fuel pump.  Upon information and belief, said skiff was owned, managed, and/or operated by Turn Services.

8.

Upon information and belief, Owens was known to Turn Services to be reckless in his operation of such skiffs or motor boats and to operate said vessels at excessive speeds all without discipline by Turn Services.

9.

At the time Meyer and Owens left in the skiff, it had no external lights. The only lights available were worn on the heads of Meyer and Owens.

10.

Owens was operating the skiff on navigable waters of the United States in the course and scope of his employment late in the evening of February 19, 2015 at an excessive rate of speed and without caution for the conditions when, suddenly and without warning, the skiff allided with some kind of stationary object that posed a hazard to navigation near the bank of the Intracoastal Waterway. The skiff came to a sudden stop and Meyer was thrown overboard and into the water, sustaining injuries to his mind and body, including, but not limited to, injuries to his chest, left hip, and left leg. Meyer further sustained injury to his lower back with pain radiating into his left leg as a result of the allision and being thrown overboard into the water.

11.

As a result of these injuries, Meyer has sustained severe physical pain, mental anguish, and emotional distress. As a result of these injuries, he has required medical and hospital care and treatment for his injuries. Meyer is disabled from returning to the duties of his employment as a deckhand with Turn Services and is unable to perform other activities. He has suffered loss of past wages and has and will continue to have a future earnings loss and/or diminished earning capacity in the future. He has sustained permanent disabilities. His condition will require additional medical and hospital care, including the possibility of surgery in the future. Meyer is entitled to recover reasonable damages from Turn Services resulting from these injuries.

## COUNT I:  LIABILITY UNDER THE JONES ACT

12.

Meyer re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

13.

Pursuant to the Jones Act, Turn Services owed Meyer a non-delegable duty to provide a safe working environment.  Further, Turn Services is liable under the theory of *respondeat superior* for the negligence of Meyer's co-worker, Owens.

14.

The foregoing actions of Owens in negligently operating the skiff at an excessive rate of speed constitutes a breach of Turn Services' duty to provide Meyer with a safe working environment.  Moreover, upon information and belief, Turn Services had knowledge of Owens' propensity to operate the skiff in an unsafe manner yet continued to permit him to operate the skiff without reprimanding him in breach of its duty to provide Meyer with a safe working environment.  Finally, Turn Services breached its duty to Meyer by failing to provide sufficient lighting on the skiff to avoid an allision with any stationary objects at night on navigable waters. Mayer was in no way negligent and his actions did not cause his injuries.

15.

Said acts of negligence and breaches of duty to Meyer caused Meyer's foregoing past, present, and future physical and mental pain and suffering, disability, loss of past wages, and loss of future wages and/or wage earning capacity and fringe benefits for which Meyer seeks and is entitled to recover from Turn Services, compensatory damages in an amount reasonable under the circumstances to be proven at trial.

16.

To the extent that Meyer's injuries resulted from a violation of statute, rule, or regulation by Turn Services or its employees designed to prevent allisions such as the one in this case, Turn Services is presumed to be at fault under the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

17.

As the allision occurred between the moving skiff and a fixed object posing a hazard to navigation, Turn Services is presumed to be at fault pursuant to the rule of *The Oregon*, 158 U.S. 186 (1895).

**COUNT II:  LIABILITY UNDER THE GENERAL MARITIME LAW OF THE UNITED STATES FOR BREACH OF THE WARRANTY OF SEAWORTHINESS**

18.

Meyer re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

19.

Under the General Maritime Law of the United States, Turn Services owed Meyer a duty to provide him with seaworthy vessels that were reasonably fit for their intended purpose.

20.

Turn Services failed to maintain the M/V MAN O'WAR and/or the skiff being piloted by Owens in a seaworthy condition in the following non-exclusive instances:  failure to provide proper lighting for piloting the vessels at night and failure to provide a reasonably fit crew properly trained to navigate the skiff and failure to provide a sufficient crew to navigate the skiff.

Any of these instances constituted a breach of the warranty of seaworthiness on the part of Turn Services as they rendered the skiff unfit for its intended purpose.

21.

Said breaches of the duty to provide a seaworthy vessel caused Meyer's foregoing past, present, and future physical and mental pain and suffering, disability, loss of past wages, and loss of future wages and/or wage earning capacity and fringe benefits for which Meyer seeks and is entitled to recover from Turn Services, compensatory damages in an amount reasonable under the circumstances to be proven at trial.

22.

To the extent that Meyer's injuries resulted from a violation of statute, rule, or regulation by Turn Services or its employees designed to prevent allisions such as the one in this case, Turn Services is presumed to be at fault under the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

23.

As the allision occurred between the moving skiff and a fixed object posing a hazard to navigation, Turn Services is presumed to be at fault pursuant to the rule of *The Oregon*, 158 U.S. 186 (1895).

**RIGHT TO AMEND**

24.

Meyer reserves the right to amend his Complaint to assert any additional facts or causes of action as the case progresses, including, but not limited to, the right to seek re-institution of maintenance and cure.

## TRIAL BY JURY

Meyer demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Meyer prays as follows that:

1. Turn Services be cited to appear and answer this Complaint; and

2. After trial on the merits, Judgment be entered against Turn Services and in favor of Meyer finding it liable under the Jones Act and General Maritime Law of the United States for Meyer's injuries, including, but not limited to, all past, present, and future mental and physical pain and suffering, past lost wages, future lost wages and/or loss of earning capacity, fringe benefits and all other damages to which Meyer is legally entitled by law, with legal interest thereon from the date of injury until paid and for all legal costs of these proceedings and all other relief deemed appropriate by this Court.

RESPECTFULLY SUBMITTED,

/s/ James M. Garner
JAMES M. GARNER (# 19589)
KEVIN M. McGLONE (#28145)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, LA  70112-4046
Telephone:(504) 299-2100
Facsimile: (504) 299-2300

**ATTORNEYS FOR MICHAEL MEYER**