UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MEYER                                                        CIVIL ACTION

VERSUS                                                                      NO. 16-12787

TURN SERVICES, L.L.C.                                           SECTION "J" (2)

## ORDER AND REASONS ON MOTION

Once again, the issue of a defendant's withholding of surveillance evidence in a personal injury case in the face of a clear request for production of such evidence rears its unkempt head in the form of plaintiff's Motion to Compel Production of Surveillance Capturing Plaintiff from February 19, 2015 Through the Present.  Record Doc. No. 11. Defendant filed a timely written opposition memorandum, plaintiff was granted leave to file a reply and defendant was granted leave to file a sur-reply.  Record Doc. Nos. 12-18. Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that plaintiff's motion is GRANTED IN PART AND DENIED IN PART as follows.

My views on the lack of merit in defendant's position have previously been expressed in full in Karr v. Four Seasons Maritime, Ltd., 2004 WL 797728 (Apr. 12, 2004). I will not repeat them here, except to reiterate my view, which I continue to believe comports entirely with the Fifth Circuit's decision in Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir. 1993).  I particularly continue to disagree with the "reasonable compromise" instituted in Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582 (S.D. Tx. 1996) (Kent, J.).

In short, defendant objects to plaintiff's Request for Production No. 23 seeking the subject surveillance evidence on grounds that (a) "it seeks information prepared in anticipation of litigation and/or that is protected by the attorney/client and/or work product privilege," Record Doc. No. 11-3 at p. 12; and (b) defendant is entitled to a protective order delaying production of the surveillance evidence until <u>after</u> plaintiff is deposed.

As to defendant's privilege and work product objections, the attorney-client privilege component is easily rejected. Surveillance photography is a tangible item, <u>not</u> a <u>communication</u> between attorney and client. In no way can surveillance evidence conceivably be subject to the attorney-client privilege.

While surveillance may sometimes constitute Rule 26(b)(3) material or work product, defendant bears the burden of <u>proof</u> to establish every essential element of these protective doctrines. Specifically, the party resisting discovery by asserting any privilege, including work product protection, defendant Turn Services in this instance, bears a burden of <u>proof</u> sufficient to substantiate its privilege and/or work product claims and cannot rely merely on a blanket assertion. <u>United States v. Newell</u>, 315 F.3d 510, 525 (5th Cir. 2002); <u>In re Santa Fe Int'l Corp.</u>, 272 F.3d 705, 710 (5th Cir. 2001); <u>Ingraham v. Planet Beach Franchising Corp.</u>, No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (Berrigan, J.) (citing <u>Hodges, Grant & Kaufman v. United States</u>, 768 F.2d 719, 721 (5th Cir. 1985)); <u>Kiln Underwriting Ltd. v. Jesuit High Sch.</u>, No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (Roby, M.J.) (citing <u>Hodges</u>, 768 F.2d at 721); <u>United States v. Impastato</u>, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (Duval, J.)

(citing United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985); United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)); High Tech Comm'c'ns, Inc. v. Panasonic Co., No. 94-1477, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, 768 F.2d at 721).

As one leading commentator has succinctly explained the procedure,

> [o]nce the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim. This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

Paul R. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Coop. 1993) (emphasis added).

In this case, the entirely conclusory and unverified cover sheet of the "investigative report" that defendant offered for the first time as an attachment to its "sur-reply," Record Doc. No. 18-2, is not sufficient evidence to sustain its burden. Even if defendant could submit actual and sufficient evidence, however, surveillance evidence simply cannot be substantially duplicated. For the reasons expressed in Chiasson and Karr, particularly to avoid making civil discovery a game of ambush, blind man's bluff or "gotcha," plaintiff has a substantial need for this evidence he has requested under Rule 34 and cannot obtain

its substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). Thus, these objections are overruled.

As to the request for a protective order to defer production until after plaintiff is deposed, Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (emphasis added)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

In this case, I repeat what I said in Karr: Defendant has failed to make "a particular and specific demonstration of fact, that withholding [its] surveillance evidence will either encourage a dishonest plaintiff to testify honestly or enable them to catch plaintiff in a lie. . . . To conclude that a witness would lie or would testify truthfully only because of the threat that a surveillance tape might exist is simply stereotyping, an exercise in speculation that was expressly discounted by the Fifth Circuit in Chiasson. . . . [Defendant's argument

is] 'a faulty one, because it flies directly in the face of the very purpose of discovery. The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, . . . a fair contest, where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success.'" Karr at *3 (quoting Chiasson, 988 F.2d at 516-17).

To permit plaintiff's deposition to go forward before production of the surveillance evidence that all parties know exists undermines the search for truth, inhibits full trial preparation and settlement evaluation and invites an evidentiary mess at trial. I have reviewed numerous surveillance films and photographs in personal injury cases during my 21 years as a magistrate judge, both during and before trial. They depict what they depict, but seldom provide a full evidentiary picture. Invariably, the secretly recorded plaintiff has some explanation for the conduct being photographed, some testimony about the absolute necessity of his or her engaging in the photographed activity or some complaint that the photography does not also show the pain, discomfort, disability or medical treatment experienced in the aftermath of the surreptitiously recorded activity. The very purpose of discovery is to get all such facts and explanations on the table and out in the open, so that the case may be fully and accurately evaluated and adjudicated.

For the foregoing reasons, the motion is granted, defendant's objections to plaintiff's Request for Production No. 23 are overruled and its request for a protective order delaying production until after plaintiff's deposition is denied. **IT IS ORDERED** that defendant must produce all materials responsive to Request No. 23 no later than **November 23, 2016**.

The motion is denied insofar as it seeks an award of fees and costs incurred in connection with this motion. Although I am convinced that my view is both correct and consistent with Fifth Circuit precedent, I recognize that I have no monopoly on viewpoints and that the individual trial court judges who authored the decisions cited by defendant in its opposition memorandum have taken a different approach. Under these circumstances, an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

New Orleans, Louisiana, this ___9th___ day of November, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE